IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES M. HANNERS | ) | |
| | ) | |
| v. | ) | NO. 3:06-0613 |
| | ) | |
| TRUMAN JONES, JR., et al. | ) | |

TO: Honorable John T. Nixon, Senior District Judge

### REPORT AND RECOMMENDATION

By order entered July 20, 2006 (Docket Entry No. 2), the Court referred the above captioned action to the Magistrate Judge, pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A) and (B), for consideration of all pretrial matters.

Presently pending before the Court are motions to dismiss filed by Truman Jones, Jr. (Docket Entry No. 12), the Rutherford County Commissioners (Docket Entry No. 14), the Rutherford County Adult Detention Center Medical Staff (Docket Entry No. 16), and Don Ash (Docket Entry No. 18). The plaintiff has not filed a response in opposition to any of the motions.[1] For the reasons set out below, the Court recommends that the motions be granted.

### I. BACKGROUND

The plaintiff filed this action pro se on June 19, 2006, under 42 U.S.C. § 1983 and "Title 7" of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq. Named as defendants are: 1) Rutherford County Sheriff Truman Jones, Jr. ("Jones"), who is sued in his official

---

[1] By orders entered December 19, 2006 (Docket Entry Nos. 20-21), the plaintiff was notified of the motions and the need to respond. By Order entered February 21, 2007 (Docket Entry No. 28), the Court granted the plaintiff's motion for an extension of time to respond to the motions and to file an amended complaint. The Court set a deadline of March 16, 2007, for the plaintiff to file a response and/or an amended complaint.

and individual capacities; 2) Rutherford County, Tennessee ("Rutherford County"); 3) the Rutherford County Commissioners ("County Commissioners"); 4) the Rutherford County Adult Detention Center Medical Staff ("RCADC Medical Staff"); and 5) Don Ash, Circuit Judge for the 16th Judicial District for the State of Tennessee.

On April 30, 2005, the plaintiff was arrested in Maine on a bench warrant issued by Defendant Ash. The plaintiff contends that the warrant was "inaccurate and false." See Complaint (Docket Entry No. 1) at ¶ 2.1. The plaintiff alleges that he was under doctor's care at the time and used a cane and a wheelchair. On May 31, 2005, he was extradited and taken by airplane to Murfreesboro, Tennessee, where he was placed in the custody of the Rutherford County Adult Detention Center ("RCADC"). The plaintiff alleges that the "underlying cause of the warrant and the warrant itself" were dismissed on June 17, 2005. See Complaint at ¶ 2.2. The plaintiff does not state when he was released from the RCADC.[2]

The plaintiff lists 54 complaints about conditions or events which occurred at the RCADC. Of the 54, he lists only six conditions or events which he indicates were specific to him. The plaintiff asserts that his civil rights were violated and seeks 40 million dollars in damages, as well as injunctive relief.

The defendants were served with process. Defendants Jones and Rutherford County filed an answer (Docket Entry No. 11) to the complaint. In lieu of an answer, the remaining defendants have filed the pending motions to dismiss.

## II. MOTIONS TO DISMISS

Defendant Jones moves for dismissal of the plaintiff's claims against him under the ADA on the ground that he cannot be held individually liable under the ADA.

---

[2] At the time the plaintiff filed his complaint, he listed an address in Concord, New Hampshire. In their answer, Defendants Jones and Rutherford County assert that the plaintiff was incarcerated in the medical area of the RCADC from June 10, 2005, to June 27, 2005. See Docket Entry No. 11, at 3, ¶ 9.

2

The County Commissioners move for dismissal of all claims against them on the ground that any claims against them are duplicative of the plaintiff's claims against defendant Rutherford County.

The RCADC Medical Staff moves for dismissal of all claims against it because it is not an actual entity subject to suit under either 42 U.S.C. § 1983 or the ADA. Further, the RCADC Medical Staff argues that any claims against it are duplicative of claims against defendant Rutherford County. The RCADC Medical Staff also asserts insufficiency of process.

Defendant Ash moves for dismissal of the claim against him asserting that a claim for money damages against him in his official capacity is barred by the Eleventh Amendment, that a claim for money damages against him in his individual capacity is barred by absolute judicial immunity, and that the plaintiff has failed to state a claim against him upon which relief can be granted.

### III. STANDARD OF REVIEW

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Broyde v. Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994).[3] In evaluating the plaintiff's complaint, the Court must accept as true all of the Plaintiff's allegations and resolve all doubts in the Plaintiff's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). Nonetheless, a complaint must contain either direct or inferential allegations respecting all of the material elements of a claim to sustain a recovery under some viable legal theory. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

---

[3] The articulation of the standard set forth in Broyde comes directly from Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The United States Supreme Court, in the context of an antitrust case, has recently found that this standard "has earned its retirement" and "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegation in the complaint." Bell v. Atlantic Corp v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1969 (2007).

3

Case 3:06-cv-00613   Document 36   Filed 06/06/07   Page 3 of 7 PageID #: 145

## IV. CONCLUSIONS

A. Defendant Jones

The plaintiff's ADA claims against Defendant Jones in his individual capacity should be dismissed for failure to state a claim upon which relief can be granted.

The plaintiff specifically asserts that he brings his disability claim under "Title 7" of the ADA. However, the ADA does not contain a "Title 7." For this reason alone, the plaintiff's ADA claim against Jones warrants dismissal as legally insufficient. Further, dismissal is appropriate because the plaintiff, even if he alleged a statutory basis for his ADA claim, fails to make any specific, factual allegations showing that he is entitled to the protections of the ADA.

Finally, even if the plaintiff alleged a proper statutory basis for his ADA claim and included in his complaint sufficient factual allegations showing that he was entitled to the protections of the ADA, his claim against Defendant Jones in his individual capacity would still fail because individual defendants cannot be found personally liable under the ADA. See Sullivan v. River Valley Sch. Dist., 197 F.3d 804, 808 n.1 (6th Cir. 1999), cert. denied, 530 U.S. 1262 (2000); Key v. Grayson, 163 F. Supp. 2d 697, 704 (E.D. Mich. 2001).

Although the issue is not raised by Defendant Jones in his motion to dismiss, the Court finds that all official capacity claims against Jones should also be dismissed. Claims brought against an official in his official capacity are essentially in fact claims against the entity of which an officer is an agent. Monell v. Dep't of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Stemler v. City of Florence, 126 F.3d 856, 864 n.8 (6th Cir. 1997). Because any official capacity claims against Defendant Jones in his official capacity are duplicative of claims against Defendant Rutherford County, the official capacity claims against Defendant Jones should be dismissed.

4

B. Defendant County Commissioners

All official capacity claims against the County Commissioners are essentially the same as the claims brought directly against Rutherford County and liability for any municipal liability claims under Section 1983 and any ADA claims would fall upon Rutherford County not upon the County Commissioners. Accordingly, the County Commissioners should be dismissed from the action.

C. RCADC Medical Staff

The plaintiff has not shown that the RCADC Medical Staff is an actual legal entity which is capable of being sued under either Section 1983 or the ADA. Accordingly, dismissal of this defendant is appropriate.

D. Defendant Ash

The only allegation made against Defendant Ash in the complaint is that Defendant Ash issued a bench warrant against the plaintiff. The plaintiff alleges that the warrant was "inaccurate and false" and was later dismissed. See Complaint at ¶¶ 2.1-2.2.

The Court agrees that any claim against Defendant Ash brought under Section 1983 warrants dismissal for failure to state a claim upon which relief can be granted.

Initially, the Court finds that the factual allegations made against Defendant Ash are simply too minimal and conclusory to support any type of claim that Defendant Ash violated the plaintiff's constitutional rights. Indeed, the complaint does not even specifically state any actual claim against defendant Ash.

Furthermore, because Defendant Ash is a state employee, any damage claim against him in his official capacity is the same as a claim against the State of Tennessee and is barred by the Eleventh Amendment. Turker v. Ohio Dept. of Rehabilitation and Corrections, 157 F.3d 453, 456 (6th Cir. 1998); Mumford v. Basinski, 105 F.3d 264, 268-70 (6th Cir. 1997).

To the extent that Defendant Ash is sued in his individual capacity, he is shielded from liability for any damage claim based upon the issuance of a bench warrant. Judicial immunity protects a judicial officer from liability for actions which are judicial in nature, such as the issuance of a bench warrant. Mireles v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); Stump v. Sparkman, 435 U.S. 349, 355-56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Such immunity is not overcome by allegations of bad faith or malice on the part of the judicial officer. Brookings v. Clunk, 389 F.3d 614, 617 (6th Cir. 2004).

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that:

1) the motion for partial dismissal filed by Truman Jones, Jr. (Docket Entry No. 12) be GRANTED and that all claims brought against Defendant Jones in his individual capacity under the Americans with Disabilities Act be DISMISSED and all official capacity claims against Defendant Jones be DISMISSED as duplicative of the claims against Defendant Rutherford County;

2) the motion to dismiss filed by the Rutherford County Commissioners (Docket Entry No. 14), be GRANTED and the Rutherford County Commissioners be DISMISSED;

3) the motion to dismiss filed by the Rutherford County Adult Detention Center Staff (Docket Entry No. 16), be GRANTED and the Rutherford County Adult Detention Center Medical Staff be DISMISSED;

4) the motion to dismiss filed by Defendant Don Ash (Docket Entry No. 18) be GRANTED and Defendant Don Ash be DISMISSED; and

5) the second motion (Docket Entry No. 32) of Defendants Truman Jones, Jr., Rutherford County, Tennessee, Rutherford County Commissioners, and Rutherford County Adult Detention Center Medical Staff to grant their respective motions to dismiss be DENIED as moot.[4]

---

[4] If this Report and Recommendation is adopted, the claims remaining in the action would be the plaintiff's Section 1983 and ADA claims against Rutherford County and the plaintiff's Section 1983 claims against Defendant Jones in his individual capacity.

6

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge