IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES M. HANNERS            )
                            )
        v.                  )    NO. 3:06-0613
                            )
TRUMAN JONES, JR., et al.   )


TO:     Honorable John T. Nixon, Senior District Judge


**R E P O R T   A N D   R E C O M M E N D A T I O N**

By order entered July 20, 2006 (Docket Entry No. 2), the Court referred the above captioned action to the Magistrate Judge, pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A) and (B), for consideration of all pretrial matters.

Presently pending before the Court is the motion for sanctions filed by Defendants Truman Jones, Jr., and Rutherford County, Tennessee (Docket Entry No. 38). The plaintiff has not filed a response in opposition to the motion. For the reasons set out below, the Court recommends that the motion be granted and that this action be dismissed.


**I. BACKGROUND**

The plaintiff filed this action pro se on June 19, 2006, under 42 U.S.C. § 1983 and "Title 7" of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq. Named as defendants in the complaint were: 1) Rutherford County Sheriff Truman Jones, Jr. ("Jones"), in both his official and individual capacities; 2) Rutherford County, Tennessee ("Rutherford County"); 3) the Rutherford County Commissioners ("County Commissioners"); 4) the Rutherford County Adult Detention Center Medical Staff ("RCADC Medical Staff"); and 5) Don Ash, Circuit Judge for the 16th Judicial District for the State of Tennessee.

The plaintiff's complaint is based upon his April 2005 arrest in Maine on a bench warrant issued by Defendant Ash and upon his subsequent stay at the Rutherford County Adult Detention Center after his extradition to Tennessee. The plaintiff sets out 54 complaints about conditions or events which occurred at the RCADC. Of the 54, he lists only six conditions or events which he indicates were specific to him. The plaintiff asserts that his civil rights were violated and seeks 40 million dollars in damages, as well as injunctive relief. The plaintiff is no longer incarcerated at the RCADC and provided an address in Concord, New Hampshire in his complaint.

The defendants were served with process. Defendants Jones and Rutherford County filed an answer (Docket Entry No. 11) to the complaint. In lieu of an answer, the remaining defendants filed motions to dismiss on various grounds. Defendant Jones also filed a motion to dismiss the official capacity claims against him and the individual claims against him under the ADA.

On June 6, 2007, the Magistrate Judge entered a Report and Recommendation (Docket Entry No. 36) recommending that the motions to dismiss be granted and that all defendants in this action be dismissed except for Rutherford County and Jones in his individual capacity only as to the Section 1983 claims. The plaintiff has not filed an objection to the Report and Recommendation, which is currently pending.

## II. THE MOTION FOR SANCTIONS

Defendants Rutherford County and Jones move for dismissal of this action under Rule 37(b)(2) of the Federal Rules of Civil Procedure as a sanction for the plaintiff's failure to comply with the order of this Court to respond to the defendants' written discovery requests.

## III. CONCLUSIONS

Federal Rule of Civil Procedure 37(b) provides that the Court may make such orders "as are just" when a party fails to obey an order to provide discovery. The Court may impose any sanctions authorized under Rule 37(b)(2), which include but are not limited to:

. . .

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

Rule 37(b)(2)(C). The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976); Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988). Further, it is well settled that federal trial courts have the inherent power to manage their own dockets, Link v. Wabash Railroad Co., 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contemptuous conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The Court finds that the sanction of dismissal is appropriate. The plaintiff has demonstrated not only a willful failure to engage in discovery and comply with orders of the Court, but also a failure to be actively involved in the lawsuit which he filed and which the defendants have been required to defend.

On February 21, 2007, the Court entered an Order (Docket Entry No. 27) denying the plaintiff's request for a protective order to stay discovery and his request to not respond to the written discovery requests of Defendants Rutherford County and Jones until after he filed an amended complaint and thirty days after the Court's ruling on the pending motions to dismiss. No review of this Order was sought by the plaintiff. The Court entered a contemporaneous Order (Docket Entry No. 28) which granted the plaintiff an extension of time until March 16, 2007, to respond to the pending motions to dismiss and to file an amended complaint.

The plaintiff neither filed a response to the motions to dismiss nor an amended complaint. On March 21, 2007, Defendants Rutherford County and Jones filed a motion (Docket Entry No. 30) to compel the plaintiff to respond to their written discovery requests. The defendants asserted that the discovery requests were served upon the plaintiff in early December 2006, that the parties

3

communicated about the discovery requests on January 8, 2007, and that defendants' attorney agreed to allow the plaintiff until February 2, 2007, to provide responses, but that the plaintiff had not provided responses. The plaintiff did not file a response in opposition to the motion to compel.

By Order entered June 6, 2007 (Docket Entry No. 34), the Court granted the defendants' motion to compel and ordered the plaintiff to serve responses to the outstanding discovery requests on the defendants within twenty (20) days of entry of the Order. The plaintiff was specifically advised that if he failed to comply with the Court's Order, the Court might recommend that sanctions be imposed against him, including dismissal of the action. Once again, the plaintiff did not seek review of that Order.

By their pending motion for sanctions, Defendants Rutherford County and Jones state that, despite having over six months within which to respond to their outstanding discovery requests and despite the Order specifically directing him to respond, the plaintiff has still not responded to the discovery requests which were served upon him in December 2006. They further state that the plaintiff has had no communication with them about the matter. See Affidavit of Randall Mantooth (Docket Entry No. 39). The plaintiff has not responded to the motion for sanctions.

The plaintiff's failure to respond to the defendants' discovery requests, failure to comply with the Court's Order, and failure to respond to the defendants' pending motion all indicate that he has lost interest in prosecuting this action. The action should be dismissed with prejudice due to the plaintiff's willfulness and fault in failing to engage in discovery and in disregarding the Court's directives. In the Order entered June 6, 2007, the plaintiff was specifically warned of the consequences of his failure to comply with the directives of the Court. Dismissal of the action with prejudice is appropriate in light of the plaintiff's lack of interest in the action, the hardship it would cause the defendants to face the prospect of defending a future action based on allegations which they have attempted to defend against in this action, the impasse in discovery caused by the plaintiff's refusal to participate in discovery, and the needless expenditure of resources by both the Court and the defendants caused by the plaintiff's conduct.

4

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the defendant's motion for the sanction of dismissal (Docket Entry No. 38) be GRANTED and this action be DISMISSED with prejudice in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

*[signature: Juliet Griffin]*
JULIET GRIFFIN
United States Magistrate Judge