IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES M. HANNERS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:06-0613 |
| ) | Judge Nixon |
| TRUMAN JONES JR., individually and ) | Magistrate Judge Griffin |
| as Sheriff of RUTHERFORD COUNTY, ) | |
| TENNESSEE; RUTHERFORD COUNTY, ) | |
| TENNESSEE; RUTHERFORD COUNTY ) | |
| COMMISSIONERS; DON ASH, ) | |
| individually and as Judge of the 16th ) | |
| Judicial District Circuit Court, Part III, in ) | |
| Murfreesboro, Tennessee; and the ) | |
| RUTHERFORD COUNTY ADULT ) | |
| DETENTION CENTER MEDICAL ) | |
| STAFF, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is a Motion for Sanctions Against Plaintiff for Failure to Respond to Written Discovery ("Motion for Sanctions"), filed by Defendants Truman Jones, Jr. ("Jones"), and Rutherford County, Tennessee ("Rutherford County") (Doc. No. 38).[1] Plaintiff

---

[1] Also pending before the Court are Motions to Dismiss filed by Defendants (together as the "Defendants") (1) Jones (Doc. No. 12), (2) Rutherford County (Doc. No.16), (3) the Rutherford County Commissioners ("County Commissioners") (Doc. No. 14), (4) Rutherford County Adult Detention Center Medical Staff ("RCADC Medical Staff") (Doc. No. 16), and (5) Don Ash ("Ash") (Doc. No. 18) (together as "Motions to Dismiss"). Plaintiff has not responded to any of the Motions to Dismiss. Magistrate Judge Griffin ("Magistrate Griffin") issued a Report and Recommendation (Doc. No. 36) that the Motions to Dismiss be granted and that all Defendants in this action be dismissed, except for Rutherford County and Jones in his individual capacity and only as to the claims made pursuant to 42 U.S.C.§ 1983 ("Section 1983"). Plaintiff did not file any Objections to this Report and Recommendation.

The Court declines to address the merits of the Motions to Dismiss because they are rendered moot by this Court's finding in this Order that this action is dismissed under Rule 37 of the Federal Rules of Civil Procedure

-1-

has not responded to the Motion for Sanctions. Magistrate Griffin issued a Report and Recommendation that the Motion for Sanctions be granted and that this action be dismissed in its entirety with prejudice. Plaintiff has not filed any Objections to Magistrate Griffin's Report and Recommendation.

For the reasons stated below, the Court **ADOPTS** Magistrate Griffin's Report and Recommendation, **GRANTS** Defendants Jones and Rutherford County's Motion for Sanctions, and **DISMISSES** this action, in its entirety, with prejudice.

I. BACKGROUND

A. PROCEDURAL BACKGROUND

The Plaintiff filed this action *pro se* on June 19, 2006, under Section 1983 and "Title 7" of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*. Defendants Jones and Rutherford County filed an Answer to the Complaint. (Doc. No. 11). In lieu of filing an Answer, the remaining Defendants filed Motions to Dismiss. (See supra note 1).

On December 19, 2006, Magistrate Griffin entered two (2) orders notifying Plaintiff of the need to respond to the Motions to Dismiss within twenty (20) days. (Doc. Nos. 20, 21).

On January 16, 2007, Plaintiff filed a Motion for Extension of Time to Respond to the Motions to Dismiss ("Motion for Extension of Time") (See Doc. No. 23). On February 21, 2007, Magistrate Griffin granted Plaintiff's Motion for an Extension of Time, granting Plaintiff until March 16, 2007, to file a Response to the pending Motions to Dismiss. (Doc. No. 28).

On March 21, 2007, Defendants Jones and Rutherford County filed a Motion to Compel

---

("FRCP").

Plaintiff to Respond to Written Discovery ("Motion to Compel") (Doc. No. 28). On that same date, Defendants filed a Second Motion to Grant their Respective Motions to Dismiss (Doc. No. 32), because Plaintiff failed to respond to the Motions to Dismiss by March 16, 2007, as ordered by Magistrate Griffin.

On May 18, 2007, Defendants filed a Motion to Ascertain Status of Pending Motions ("Motion to Ascertain Status") (Doc. No. 33).

On June 6, 2007, Magistrate Griffin granted Defendants' Motion to Compel and ordered that, within twenty (20) days, Plaintiff provide written responses to Defendants' discovery requests. (Doc. No. 34). Plaintiff did not seek review of this Order. On that same date, Magistrate Griffin granted Defendants' Motion to Ascertain Status by issuing a contemporaneously entered Report and Recommendation. (Doc. Nos. 35, 36). Plaintiff did not file Objections to this Report and Recommendation.

On July 6, 2007, Defendants Jones and Rutherford County filed the pending Motion for Sanctions. (Doc. No. 38). Plaintiff did not file a Response. Magistrate Griffin issued a Report and Recommendation that the Motion for Sanctions be granted and this action be dismissed in its entirety with prejudice. (Doc. No. 40). Plaintiff did not file Objections to this Report and Recommendation.

### B. FACTUAL BACKGROUND

On April 30, 2005, Plaintiff was arrested in the state of Maine on a bench warrant issued by Defendant Ash. Plaintiff contends that the warrant was "inaccurate and false." (See Doc. No. 1 at ¶ 2.1). Plaintiff alleges that he was under the care of a doctor at the time of the arrest and used a cane and a wheelchair. (Id.) On May 31, 2005, Plaintiff was extradited and taken by

-3-

Case 3:06-cv-00613   Document 42   Filed 09/13/07   Page 3 of 8 PageID #: 166

airplane to Murfreesboro, Tennessee, where he was placed in the custody of the Rutherford County Adult Detention Center ("RCADC"). Plaintiff alleges that the "underlying cause of the warrant and the warrant itself" were dismissed on June 17, 2005. (Doc. No. 1 at ¶ 2.2). The Plaintiff does not state when he was released from the RCADC.

Plaintiff lists fifty-four (54) complaints about conditions or events which occurred at the RCADC. The Plaintiff asserts that his civil rights were violated and seeks forty million dollars in damages, as well as injunctive relief. Plaintiff is no longer incarcerated at RCADC and identified, as his residence, an address in Concord, New Hampshire, in his Complaint.

## II. PENDING MOTION[2]

Defendants Jones and Rutherford County move for dismissal of this action under Rule 37(b)(2) of the FRCP as a sanction for Plaintiff's failure to comply with the Magistrate Judge's Order to respond to Defendants' written discovery requests. (Doc. No. 34).

## III. ANALYSIS

### A. LEGAL STANDARD

FRCP 37(b) provides that the Court may make such orders "as are just" when a party fails to obey an order to provide discovery. FED. RULE CIV. P. 37(b). The Court may impose sanctions under FRCP 37(b)(2), which include, but are not limited to:

> . . .
> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the actions or proceedings or any part thereof, or rending a

---

[2] The Court declines to address the pending Motions to Dismiss. See supra note 1.

-4-

judgment by default against the disobedient party.

Id.

The imposition of sanctions, or the type of sanctions imposed, is within the discretion of the court based on the facts of each particular case. See Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639 (1976); Reg'l Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988). "Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to wilfulness, bad faith, or fault." Stamtec, Inc. v. Anson, 195 Fed.App'x 473, 478 (6th Cir. 2006) (citing Patton v. Aerojet Ordinance Co., 765 F.2d 604, 607 (6th Cir. 1985)). The Sixth Circuit has held that, "if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." Reg'l Refuse Sys., 842 F.2d at 154.

The Regional Refuse court articulated four (4) factors that a court may consider in determining whether dismissal is an appropriate sanction pursuant to FRCP Rule 37(b), including whether: (1) the party's failure to cooperate in discovery is due to wilfulness, bad faith, or fault; (2) the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) less dramatic sanctions were imposed or considered before dismissal was ordered. Id. at 155.

Further, it is well settled that federal district courts have the inherent power to manage their own dockets, Link v. Wabash R.R. Co., 370 U.S. 626 (1961), and Rule 41(b) of the FRCP permits a court to dismiss an action upon a showing of a clear record of delay, contemptuous conduct, or failure to prosecute by the plaintiff. See Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir. 1980).

**B.  APPLICATION**

This Court finds that the sanction of dismissal is appropriate. Plaintiff has demonstrated a willful failure to engage in discovery and comply with orders of the court, namely Docket Entry 34, despite being warned by Magistrate Griffin that failure to comply would likely result in her issuing a recommendation that the case be dismissed. Further, Plaintiff's failure to be actively involved in this lawsuit has prejudiced Defendants, who have been forced to defend.

On February 21, 2007, Magistrate Griffin entered an Order (Doc. No. 27) denying Plaintiff's request for (a) a protective order to stay discovery, and (b) his request to not respond to the written discovery requests of Defendants Rutherford County and Jones, until after he filed an amended Complaint and thirty (30) days after the Court's ruling on the pending Motions to Dismiss. Plaintiff did not seek review of that Order. Magistrate Griffin entered a contemporaneous Order (Doc. No. 28) which granted Plaintiff an extension of time, until March 16, 2007, to respond to the pending Motions to Dismiss and file an amended Complaint. Plaintiff neither filed a Response to the Motions to Dismiss nor an amended Complaint.

On March 21, 2007, Defendants Rutherford County and Jones filed a Motion to Compel Plaintiff to Respond to Written Discovery ("Motion to Compel") (Doc. No. 30). Defendants asserted that the discovery requests were served upon Plaintiff in early December 2006, the parties communicated about the discovery requests on January 8, 2007, and Defendants' attorney agreed to allow Plaintiff until February 2, 2007, to provide answers to the interrogatories and provide any documents for production. However, Defendants contend Plaintiff never responded to the written discovery requests. (Doc. No. 30). Defendants' counsel informs this Court that Plaintiff has had no communication with them about any of the pending matters since January

-6-

Case 3:06-cv-00613   Document 42   Filed 09/13/07   Page 6 of 8 PageID #: 169

11, 2007. (See Doc. No. 30). Plaintiff did not file a Response in Opposition to the Motion to Compel.

By Order entered June 6, 2007, Magistrate Griffin granted Defendants' Motion to Compel and ordered Plaintiff to respond to the outstanding discovery requests within twenty (20) days of entry of that Order. (Doc. No. 34). Plaintiff specifically was advised by Magistrate Griffin that if he failed to comply with her Order, she would likely recommend that sanctions be imposed against him, including dismissal of the action. Once again, Plaintiff did not seek review of that Order.

Plaintiff's failure to respond to Defendants' discovery requests (see Doc. No. 30), failure to comply with Magistrate Griffin's Order (Doc. No. 34), and failure to respond to Defendants' pending Motion for Sanctions together indicate that he has failed to prosecute the instant action. Therefore, after applying the four (4) factors from Regional Refuse to the circumstances of the instant action, this Court finds that the above-captioned action should be dismissed with prejudice due to Plaintiff's willfulness and fault in failing to comply with discovery and in disregarding the Magistrate Judge's directives. See Reg'l Refuse Sys., 842 F.2d. at 155.

Dismissal of the action with prejudice is appropriate in light of Plaintiff's lack of interest in the instant action, the hardship it would cause Defendants to face the prospect of defending a future action based on allegations which they have attempted to defend against in this action, the impasse in discovery caused by Plaintiff's refusal to participate in discovery, and the needless expenditure of resources by both the Court and Defendants, due to Plaintiff's conduct.

## IV. CONCLUSION

For the reasons set forth above, the Court **ADOPTS** Magistrate Judge Griffin's Report and Recommendation, **GRANTS** Defendants Jones and Rutherford County's Motion for Sanctions, and **DISMISSES** this action, in its entirety, with prejudice.

It is so ORDERED.

Entered this the 13th day of September, 2007.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT